**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.     2:24-cv-05406-DDP-AJR                                    Date:  July 1, 2024
                                                                                          Page 1 of 4

Title:     <u>Jay Williams v. Department of Justice</u>

DOCKET ENTRY: **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION**

PRESENT:

**HONORABLE A. JOEL RICHLIN, UNITED STATES MAGISTRATE JUDGE**

| _Claudia Garcia-Marquez_ | _____None_____ | __None__ |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:  (IN CHAMBERS)**

On June 20, 2024, *pro se* Plaintiff Jay Williams ("Plaintiff"), filed a Civil Rights Complaint ("the "Complaint") pursuant to <u>Bivens v. Six Unknown Agents</u>, 403 U.S. 388 (1971).  (Dkt. 1.)  Plaintiff is currently incarcerated at the Henderson County Jail in Athens, Texas.  (<u>Id.</u> at 1.)  The Complaint names as the only defendant the U.S. Department of Justice ("Defendant") located in Washington, D.C.  (<u>Id.</u> at 3.)  The Complaint contains only very sparse allegations.  Plaintiff alleges that "DOJ asserted Jurisdiction where Jurisdiction did not exist.  U.S.A. Citizens are ENSLAVED!"  (<u>Id.</u>)  Plaintiff further alleges that Defendant enslaved citizens by force and refused to set citizens free.  (<u>Id.</u> at 5.)  Finally, Plaintiff alleges that Defendant gave up its jurisdiction when it allowed the United States to be shut down in 2020 and allowed the presidential election to be stolen from the people of the United States.  (<u>Id.</u>)  As relief, Plaintiff seeks a court order setting citizens of the United States free and paying invoices.  (<u>Id.</u> at 6.)  Plaintiff further seeks a court order enforcing religious freedom and beliefs protected in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.     2:24-cv-05406-DDP-AJR                                     Date: July 1, 2024
                                                                                                    Page 2 of 4

Title:            Jay Williams v. Department of Justice

trials by jury as required by the U.S. Constitution.  (Id.)

     Federal courts are always under an independent obligation to examine their own jurisdiction, and a federal court may not entertain an action over which it has no jurisdiction."  Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) (*per curiam*) (internal quotation marks and citation omitted).  Under Federal Rule of Civil Procedure 12(b)(6), a trial court may dismiss a claim *sua sponte* "where the claimant cannot possibly win relief."  Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987); see also Baker v. Director, U.S. Parole Comm'n, 916 F.2d 725, 726 (D.C. Cir. 1990) (per curiam) (adopting Ninth Circuit's position in Omar and noting that such a sua sponte dismissal "is practical and fully consistent with plaintiff's rights and the efficient use of judicial resources").  Moreover, Congress requires district courts to dismiss a complaint if the court determines that the complaint, or any portion thereof: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).  An initial review of the Complaint suggests that the Complaint is likely frivolous, fails to state a claim, and that the Court lacks jurisdiction over this action.  Because the potential lack of jurisdiction is fatal to Plaintiff's ability to proceed before this Court, the Court focuses on the jurisdictional issue and need not address the likely frivolousness of the Complaint or the likely failure to state a claim at this time.[1]

---

[1] The Court also notes that venue does not appear to be proper in this judicial district.  A civil action may be filed in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.  See 28 U.S.C. § 1391(b).  Here, Plaintiff does not allege that the Defendant resides in this district or that any events or omissions giving rise to the claims occurred in this district. (Dkt. 1 at 3-6.)  To the contrary, Plaintiff alleges that Defendant is located in Washington, D.C.  (Id. at 3.)  Moreover, Plaintiff is incarcerated in Athens, Texas, and therefore to the extent the allegations relate to harm suffered by Plaintiff, it would appear

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**<u>CIVIL MINUTES – GENERAL</u>**

Case No.     2:24-cv-05406-DDP-AJR                              Date:  July 1, 2024
                                                                                              Page 3 of 4

Title:         <u>Jay Williams v. Department of Justice</u>

      Article III of the U.S. Constitution requires that all plaintiffs invoking the jurisdiction of the federal courts have standing to sue.  <u>See</u> <u>Lujan v. Defs. of Wildlife</u>, 504 U.S. 555, 560 (1992).  Standing requires the following three elements: (1) the plaintiff must have suffered an injury in fact, which is an invasion of a legally protected interest which is both concrete and particularized, as well as actual or imminent, not conjectural or hypothetical; (2) there must be a causal connection between the injury and the conduct complained of such that the injury is fairly traceable to the challenged action of the Defendant and not the result of independent action of some third party not before the court; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.  <u>See</u> <u>id.</u> at 560-61.  "The party invoking federal jurisdiction bears the burden of establishing these elements."  <u>Id.</u> at 561.

      Based on the allegations contained in the Complaint and set forth above, it does not appear that Plaintiff can meet his burden to establish any of the three elements required for standing.  As an initial matter, Plaintiff does not allege that he personally experienced any specific harm caused by Defendant that could be redressed by this Court.  Instead, Plaintiff appears to generally complain about lockdowns implemented by various state and local governments during the COVID-19 pandemic. (Dkt. 1 at 5.)  However, Plaintiff does not allege that Defendant caused any of the lockdowns, but rather that Defendant failed to prevent them.  (<u>Id.</u>)  Moreover, all of those lockdowns have long since ceased and Plaintiff fails to allege that he is currently subject to a lockdown or that he has any reason to believe he will be subject to one in the future.  (<u>Id.</u>)  Plaintiff also appears to generally complain about the 2020 presidential election results, claiming that the election was stolen.  (<u>Id.</u>)  However, Plaintiff fails to support this conclusory allegation with any facts and this Court has no ability to issue a remedy for election results which were conclusively resolved years ago.  (<u>Id.</u>)  Accordingly, Plaintiff does not appear to have alleged any concrete harm to himself, there does not appear to be a causal connection between the Defendant's alleged conduct and the alleged harm, and it does not appear that

---

that such harm occurred in Athens, Texas, not within this judicial district.  (<u>Id.</u> at 1-6.)  Indeed, it does not appear from the Complaint that Plaintiff has ever set foot within this judicial district.  (<u>Id.</u>)  Thus, this action also appears to be subject to transfer based on improper venue.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.    2:24-cv-05406-DDP-AJR                         Date: July 1, 2024
                                                          Page 4 of 4

Title:      Jay Williams v. Department of Justice

a favorable decision from this Court could remedy Plaintiff's alleged harm. Therefore, it does not appear that Plaintiff can meet his burden to establish any of the three elements required for standing.

      For the foregoing reasons, Plaintiff is ORDERED TO SHOW CAUSE why this action should not be dismissed without prejudice for lack of jurisdiction. On or before **August 1, 2024**, Plaintiff shall file a response to this Order stating how he can meet his burden to establish the three elements required for standing. If Plaintiff fails to timely respond to this Order, this action may be dismissed for failure to obey court orders and/or failure to prosecute. If Plaintiff agrees that he cannot meet his burden to establish standing or otherwise no longer wishes to pursue this action, he may voluntarily dismiss the action without prejudice by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). A form Notice of Dismissal is attached for convenience.

      IT IS SO ORDERED.

Attachment:
CV-09, Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c).